ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
LThe Committee on Bar Admissions (“Committee”) opposed the application of petitioner, David Christian Brown, to sit for the Louisiana Bar Examination based on character and fitness concerns primari *166 ly relating to his record of five arrests for driving while intoxicated. We subsequently granted petitioner permission to sit for the bar exam, with the condition that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence. In re: Brown, 04-1713 (La.7/12/04), 877 So.2d 988.
Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we appointed a commissioner to take evidence and report to this court whether petitioner possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Office of Disciplinary Counsel to conduct an investigation into petitioner’s qualifications to be admitted to the bar.
The commissioner conducted a character and fitness hearing in January 2005, pursuant to Supreme Court Rule XVII, § 9(B). Following the hearing, but prior to the issuance of any recommendation by the commissioner, petitioner filed a motion to withdraw his application for admission to the bar. We granted the motion on March 24, 2005. In re: Brown, 04-2479 (La.3/24/05), 897 So.2d 584.
|2In January 2006, petitioner applied for admission in the instant matter. On February 8, 2006, we ordered that a supplemental hearing and further proceedings be conducted before the commissioner. At the conclusion of the supplemental hearing, the commissioner filed his report with this court, recommending that petitioner be denied admission. Petitioner objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(B)(3).
After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner has failed to meet his burden of proving that he has “good moral character” to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5(E).
Accordingly, it is ordered that the application for admission be and hereby is denied.